FILED

APR 17 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

JOHNNY DAWSON, # 10826-007
   Petitioner,
USP
POB 12015
v. Terre Haute, IN 47801

Case: 1:07-cv-00696
Assigned To : Friedman, Paul L.
Assign. Date : 04/17/2007
Description: Dawson v. United States of America, et al.,

UNITED STATES OF AMERICA, et al.
   Respondent.

## PETITION FOR WRIT OF MANDAMUS

NOW COMES Petitioner, Johnny Dawson, pro se, pursuant to Title 28 U.S.C. §1651(a), and respectfully moves this Honorable Court to issue a Writ of Mandamus compelling the Federal Bureau of Prisons officials to provide petitioneer with the necessary medication, treatment, therapy, amenities, etc.

## JURISDICTION

NAT'L CAPITAL REVITALIZATION SELF IMPROVEMENT ACT OF 1997
18 U.S.C. Section 3553(d)
18 Sections 4041 and 18 4042(a)(2),
42 USCS §§12101 et seq.,12102(2)(A),
28 U.S.C. Section 1651(a)

## HISTORY OF CASE

The petitioner was convicted and sentenced in the D.C. Supeior Court to 2 to 6 years in 1998, for an Assault charge. The sentencing Judge was Hon. Dorsey in Case No. _____

RECEIVED

MAR 05 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The petitioner was transferred to the Bureau of Prisons ("BOP") based on the closing of the D.C. Department of Corrections via The National Self-Government Improvement Capitalization Act of 1997. Since petitioner's arrival to the BOP he has suffered physical harm due to bureau of prisons officers abuse and misuse of force which has caused permanent injury to petitioner \_\_\_\_ eye which he is unable to see out of the other eye. Meaning he is **blind.** The BOP has diagnosed petitioner as a blind prisoner making him eligible for treatment and therapy based on such disability as well as BOPs' lack of care, concern, and treatment for his illnesses. Making the BOP intentionally reliable for the position he is now in, which he has constantly and continuously requested medical treatment and therapy for these illnesses but the BOP has refused and denied to correct any medical concerns he may have based on those illnesses.

SUPPORTING FACTS

1. Bureau of Prisons officials have discriminated against petitioner due to his disability and felling health problems. Based on deliberate indifference committed by BOP officials it seems that they are intentionally deprivating against petitioner on his many requests for medical assistance because they care less about his health. See Priest v. Cupp, 545 P. 2d 917 (Or. Ct. App. 1976). In Priest v. Cupp, supra, the court explained

* * * what is required is that the inmate be afforded such medical care, in the form of diagnosis and treatment, as is reasonably available under the circumstances of his confinement and medical condition. See also general standards of the American Correctional Association relating to medical services for prisoners; the adequate treatment for the chronically ill. See Gates v. Collier, 501 F.2d 1291 (5th Cir. 1974); Boyce v. Alizadur, 595 F.2d 948 (4th Cir. 1979); Shepard v. Stidham, 502 F. Supp. 1275 (M.D. Ala., 1980).

2. Cruel and Unusual Punishment - A two Prong Test. Petitioner first must show that the alleged deprivation is sufficiently serious to be considered cruel and unusual. Pryor-El v. Kelly, 892 F. Supp. 261, 266 (D.D.C. 1995). Second, petitioner must show that he was deprived of humane conditions because BOP officials knowingly disregarded "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. A respondent-defendant "must both be aware of [the] facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." See Cox v. District of Columbia, 834 F. Supp. 439, 444 (D.D.C. 1992).

Petitioner made known to prison officials that he suffers much due to his illnesses and the lacks of therapy needed for a blind prisoner especially when the injury was caused by prison officials. Furthermore, prison officials deny to provide petitioner

-3-

with any amenities to support the suffering condition he lives under as a blind prisoner.

3. Petitioner denied a right secured to him by either the Constitution and/or a specific federal statute.

A federal right does exists. This inmate has a federally protected right to health care, free of any abuse and misuse by prison officials, and if either is raised in a civil action based on a violation of Eighth Amendment rights when there is proof of an intentional denial of needed medical care, treatment, and therapy, and/or when a prison offical's conduct indicates deliberate indifference to the medical needs of the inmate. See, Priest v. Cupp, supra, 545 P.2d 917; (a) protection of an inmate's life and health from arbitrarily actions of administrative persons. See Hoitt v. Vitek, 497 F.2d 598 (1st Cir. 1974); Runnels v. Rosendale, 499 F.2d 733 (9th Cir. 1974); Johnson v. Harris, 479 F. Supp. 333 (S.D.N.Y 1979); and (b) right to free from the infliction of cruel and unusual punishments as guaranteed by the Eighth Amendment. Bishop v. Stoneman, 508 F.2d 1224 (2d Cir. 1974); Russell v. Shefter, 528 F.2d 318 (4th Cir. 1975). See comment, The Eighth Amendment; medical treatment of prisoners as Cruel and Unusual Punishment, 1 CAP. U.L. REV 83 (1972). Estelle v. Gamble, 429 U.S. 97 (1976); Barks v. Teasdale, 492 F. Supp. 650 (W.D. MO. 1980); Hampton v. Holmes Prison Officials, 546 F.2d 1077 (3d Cir. 1976); Kelsey v. Ewing, 652 F.2d 4 (8th Cir. 1981); Inmates of Allegheny County

Jail v. Pierce, 612 F.2d 754 (3d Cir. 1979); Duncan v. Duckworth, 644 F.2d 653 (7th Cir. 1981).

Violation of Eighth Amendment rights has been found when there is an intentional denial of needed medical care, treatment, or therapy [18 U.S.C. §§4041 and 4042(a)(2) Duties-Bureau of Prisons, officials exceeding its own Statutory Intent], or when a prison official's conduct indicates deliberate indiffence to the medical needs of inmates.

## ARGUMENT

4. 28 U.S.C. §1671(a) provides:

"...all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

5. The extraordinary remedy of mandamus traditionally lies within the Court's discretion, All Writs Statute, 28 U.S.C. §1651(a) (1988), which provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. However, this court has both inherent and statutory authority to issue the writs.

With hope that this Honorable Court will make known to BOP

officials that they have exceeded the Bureau of Prisons statutory intent established by U.S.C. 18 Sections 4041 and 4042(a)(2), which the it is bound to comply with its own rules. See Albers v. Ralston, 665 F.2d 812, 816 (8th Cir. 1981); Lenza v. Wyrick, 665 F.2d 804; Burton v. Ciccone, 484 F.2d 1322, 1324 (8th Cir. 1973) as well as complying with its own regulations.

And petitioner submits that it is appropriate for the Superior Court here to exercise that discretion to compel the Federal Bureau of Prisons to provide the petitioner with the needed medical care, treatment, therapy, etc., that is required for a prisoner with such chronic illnesses. This request is for immediate relief before petitioner's health worsen at the hands of the Bureau of Prisons for <u>negligence</u> and <u>deliberate</u> <u>indifference</u>.

6. Convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prisons. See Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 129(1977); Meachum v. Fano, 427 U.S. 215, 225(1976); Wolff v. McDonnell, 418 U.S. 539, 555-556(1974); Pell v. Procunier, 417 U.S. 817, 822(1974). "There is no iron curtain drawn between the Constitution and the prisons of this country." Wolff v. McDonnell, supra, at 555-556. So, for example, the courts have held that sentenced prisoners enjoy freedom of speech and religion under the First and Fourteenth Amendments, see Pell v. Procunier, supra; Cruz v. Beto, 405 U.S. 319(1972); Cooper v. Pate, 378 U.S. 546(1964);

that they are protected against **invidious** discrimination on the basis of race [and disabilities] under the Equal Protection Clause of the Fourteenth Amendment, see Lee v. Washington, 390 U.S. 333 (1968); and that they may claim the protection of the Due Process Clause to prevent additional deprivation of life, liberty, or property without due process of law.

Americans with Disabilities Act of 1990 (ADA) (42 USC §§12101 et seq.), 12102(2)(A) "disabililty" to include physical or mental impairment that substantially limits one or more of mayor life activities of such individual -- .

7. Petitioner has filed his first administrative grievance which prison officials have refused and denied to give him a written response and a copy of. Therefore, he is in the of filing another grievance against prison officials as well as medical officials for such "negligence and deliberate indifference" practice toward this prisoner founded on race, blindness, and not showing any care for this prisoner or its own rules and regulations "that prison officials must provide medical care and treatment for its prisoneres."

RELIEF

Petitioner seeks an order compelling the respondents to provide petitioner with the necessary medical treatment, care, therapy, amenities, etc. And due to petitioner's blindness the prison

-7-

shall be equipped to allow petitioner to participate in recreation, education, etc., especially with the aid or assistance of a professional medical staff, along with psychological counselling.

Petitioner prays for any relief this Honorable Court may deem to be just and sufficient for his cause and blindness. WHEREFORE, all premises considered, petitioner prays that the foregoing petition be granted and a writ of mandamus issued immediately forthwith to prevent if possible further sickness due to his falling health.

Respectfully submitted,

Johnny Dawson, pro se
#DCDC
Fed. Reg. 10826-007
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

CERTIFICATE OF SERVICE

Petitioner states a copy of the foregoing writ has been mailed on this 7th day of January, 2007, to the United States Attorney's Office 555 Fourth Street, N.W., Special Proceedings Section (10th Floor), Washington, D.C. 20305.

Respectfully submitted,

Johnny Dawson, pro se
Fed. Reg. #10826-007
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

1. Submit To Appropriate Federal Agency:
Consolidated Legal Center
Federal Medical Center
3301 Leestown Road
Lexington, KY 40511-8799

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)
Johnny Dawson, #10826-007
USP Terre Haute
PO Box 12015
Terre Haute, IN 47801

| 3. TYPE OF EMPLOYMENT MILITARY ☒CIVILIAN | 4. DATE OF BIRTH 7-23-47 | 5. MARITAL STATUS Single | 6. DATE AND DAY OF ACCIDENT 12-15-05 | 7. TIME (A.M. OR P.M) |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

Prisoner is being denied and refused by prison officials medical care, treatment, therapy, etc., regarding his left eye injury cause by prison employees negligence and deliberate indifference. Prisoner health is deteriorating daily due to lack of medical treatment

9. PROPERTY DAMAGE
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
Dawson, Johnny, USP, P.O. Box 12015, Terre Haute, IN 47801

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)
Injury to left eye that is now blind. Health deteriorated so badly he is now blind & lack of other medical care

10. PERSONAL INJURY/WRONGFUL DEATH
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Bureau of Prisons officials and/or employees physically damaged prisoner left eye deny to provide him with medical treatment, care, therapy, and for other internal health problems

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| John Does - BOP employees | USP Terre Haute, IN 47801 P.O. Box 12015 |
| Jane Does - BOP employees | USP Terre Haute, IN 47801 |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE Injury to eye caused blindness | 12b. PERSONAL INJURY eye injury caused blindness | 12c. WRONGFUL DEATH N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) 2.5 million Dollars |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory Prison | 14. DATE OF CLAIM 2006-2007 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108
Previous editions not usable
NSN 7540-00-634-4046
STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

**Complete all items – Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,
to Director, Torts Branch
   Civil Division
   U.S. Department of Justice
   Washington, DC 20530

and to the
   Office of Management and Budget
   Paperwork Reduction Project (1105-0008)
   Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☒ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

N/A

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☒ No

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989--241-175

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

07-696
PLF

## I (a) PLAINTIFFS
JOHNNY DAWSON

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro SE  (PR)

## DEFENDANTS
USA, ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
#10826-007

Case: 1:07-cv-00696
Assigned To : Friedman, Paul L.
Assign. Date : 04/17/2007
Description: Dawson v. United States of America, et al.,

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☒ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (If Voting Rights Act) |

**V. ORIGIN**

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1361 - WRIT OF MANDAMUS -

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   ☐   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☐ NO   If yes, please complete related case form.

DATE                    SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

Forms\js-44.wpd

