UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
JOHNNY DAWSON,                                      )
                                                    )
                Petitioner,                         )
                                                    )
        v.                                          )        Civil Action 07-0696 (PLF)
                                                    )
UNITED STATES OF AMERICA,                           )
                                                    )
                Respondent.                         )
_____)

## RESPONDENT'S RESPONSE TO THE COURT'S NOVEMBER 2, 2007 ORDER TO SHOW CAUSE

On April 17, 2007, Johnny Dawson ("Petitioner") filed a petition requesting that this Court issue a writ of mandamus compelling the Bureau of Prisons (the "BOP") to provide him with appropriate medical care and treatment for his eye conditions.  (See Docket No. 1 at 2-3, 6-8.)  On November 2, 2007, this Court issued an Order requiring the United States ("Respondent") to file "a statement showing why the [requested] Writ of Mandamus should not issue."  (Docket No. 5.)  Respondent respectfully submits this brief in response to the Court's November 2, 2007 Order.[1]

This Court should deny the petition for a writ of mandamus and dismiss this action for three, independent reasons.  First, given the facts of this case, Petitioner cannot make the required showing that he has a clear and indisputable right to (much less a need for) the extraordinary remedy of a writ of mandamus compelling the BOP to provide him with proper medical care and treatment.  As the declaration of Gloria Urrea (which is attached hereto) demonstrates, Petitioner "has received appropriate care and treatment" since he has been in BOP

_____
[1] By Minute Order dated December 28, 2007, this Court provided Respondent until January 18, 2008 to file its response to the November 2, 2007 Order.

custody, and "[t]he BOP will continue to provide [him with] proper care and treatment . . . until he is released from custody." (Urrea Decl. ¶¶4, 6.)[2]  Notably, Petitioner is scheduled to be released from prison very shortly—on February 8, 2008.  (Ex. A at 1.)  Second, Petitioner failed to exhaust his administrative remedies before filing this action.  And, third, venue is improper in this Court.

## STATEMENT OF FACTS

In 1987, Petitioner was sentenced to 12 years in prison for distributing dilaudid, an illegal narcotic.  (Ex. A at 3.)  While on parole from that sentence, Petitioner was convicted of assault with a dangerous weapon and, thereafter, returned to prison.  (Id. at 4.)  In 2001, Petitioner was first placed in the custody of the BOP.  (Urrea Decl. ¶3.)

Prior to entering into BOP custody, Petitioner "suffered from glaucoma in both eyes and blindness in the right eye."  (Id.)  Throughout his incarceration with the BOP, the BOP has been aware of Petitioner's eye-related issues, and has had him "evaluated . . . on a regularly scheduled basis for his medical conditions, including glaucoma."  (Id. at ¶4.)  The BOP has made sure that Petitioner has "received appropriate care and treatment."  (Id.)  For example:

> [O]n April 20, 2001, [Petitioner] was referred to [the] Duke University Medical Center, Department of Ophthalmology, . . . for the evaluation of chronic glaucoma after reporting a history of glaucoma since 1987 and loss of vision in his right eye.  At that time, he was prescribed two different eye medications and eye glasses.  [Petitioner has also been] evaluated by eye specialists at the Federal Correctional Institution in Petersburg, Virginia, USP Marion, Illinois, and in USP Terre Haute, where he was again prescribed eye medication.

(Id.)  Importantly, prison "[r]ecords indicate that [Petitioner] has a history of non-compliance with medical treatment."  (Id. at ¶5.)  "For example, on December 14, 2005, [Petitioner] refused

---

[2] Citations in the form "(Urrea Decl. ¶__)" refer to the declaration of Gloria Urrea, attached hereto.  Ms. Urrea is an Assistant Health Services Administrator at the BOP facility where Petitioner is presently incarcerated.  (Urrea Decl. ¶1.)

to be evaluated by an Optometrist while at USP Marion.  Recently, on April 11, 2007, [Petitioner] did not attend a chronic care visit and was not seen again until April 24, 2007."  (Id.)

Petitioner is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana, but is scheduled to be released from prison on February 8, 2008.  (Ex. A at 3, 5.)  "The BOP will continue to provide [Petitioner with] proper care and treatment for his glaucoma and other conditions until he is released from custody."  (Urrea Decl. ¶6.)

## ARGUMENT

For the reasons set forth below, this Court should deny Petitioner's request for a writ of mandamus and dismiss this action.

1.     Petitioner cannot establish his entitlement to the extraordinary remedy of mandamus.

Pursuant to 28 U.S.C. § 1361, a district court may issue a writ of mandamus to compel an officer or employee of the United States to perform a duty owed to a plaintiff.  However, the "remedy of mandamus is a drastic one," and should be granted only if:  "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff."  Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002); see Coleman-Bey v. United States, 512 F. Supp. 2d 44, 46 (D.D.C. 2007).  The party seeking a writ of mandamus has the burden of showing that his right to the writ is "'clear and indisputable.'" Id.

Here, Petitioner cannot establish that he has a "'clear and indisputable'" right to—much less a need for—the writ of mandamus he seeks.  The record shows that since he has been in BOP custody, he has regularly received proper care and treatment for his glaucoma and other conditions.  (See Urrea Decl. ¶4.)  The record also shows that he will continue to receive such care and treatment for the (brief) remainder of his incarceration.  (See id. at ¶6.)  Petitioner's own

3

"history of non-compliance with medical treatment" further undermines his ability to establish his "'clear and indisputable'" right to the writ of mandamus he seeks.[3]  (Id. at ¶5.)  See Sanders v. United States, 438 F.2d 918, 919 (5th Cir. 1971) (affirming the denial of mandamus relief because, inter alia, "petitioner is occasionally unwilling to accept the prescribed medication").

Petitioner also cannot establish that he has a "'clear and indisputable'" right to the remedy of mandamus because there is a suitable, alternative avenue of relief available to him.  As discussed below, Petitioner could—and, indeed, must—seek relief for the BOP's alleged failure to provide him with proper medical care and treatment through the BOP's administrative remedy process.  See Power, 292 F.3d at 786 ("'[T]he alternative remedies that might call for refusal to resort to writ of mandamus encompass judicial remedies . . . as well as administrative ones.'" (alteration and ellipses in original)).  If unsatisfied with the BOP's final response to his request for relief, Petitioner could then seek judicial review of that response.  Petitioner cannot, however, seek a writ of mandamus from this Court in lieu of fully exhausting his administrative remedies.

---

[3] As demonstrated above, Petitioner is plainly being provided with medical "care and treatment for his glaucoma and other conditions."  (See Urrea Decl. ¶¶4-6.)  Thus, his complaint must be that the BOP should be providing him with different medical care and treatment.  However, such a complaint cannot "form the basis for invoking the extraordinary remedial process of mandamus."  Paniagua v. Moseley, 451 F.2d 228, 230 (10th Cir. 1971) (affirming the denial of mandamus relief in a case involving "a difference of opinion between a lay patient and the prison doctor as to the proper course of treatment"); see Sanders, 438 F.2d at 919.  The BOP has a duty to provide Petitioner with suitable medical care and treatment for his eye conditions; but, it does not have a duty to provide him with the precise care and treatment he believes he requires.  See id.; see also Weber v. United States, 209 F.3d 756, 760 (D.C. Cir. 2000) (noting that where the relief sought involves the exercise of discretion rather than the performance of a ministerial duty, the case is "far removed from the paradigm case for mandamus").

2.      Petitioner has failed to fully exhaust his administrative remedies.

Petitioner's request for a writ of mandamus should also be denied, and this action

dismissed, because he has failed to fully exhaust his administrative remedies.  Before a prisoner

may seek relief in federal court for any matter relating to prison conditions, he must fully exhaust

all available administrative remedies.  42 U.S.C. § 1997e(a); see Porter v. Nussle, 534 U.S. 516,

524 (2002).  This means that before filing suit in federal court, a prisoner must avail himself of

all stages of the administrative remedy process.  See Booth v. Churner, 532 U.S. 731, 735 (2001)

(finding that a prisoner had failed to exhaust his administrative remedies where he had "fail[ed]

to avail himself of the later stages of the administrative process").  If an inmate files suit in

federal court before having exhausted all stages of the administrative remedy process, his suit

must be dismissed.  See Jeanes v. U.S. Dep't of Justice, 231 F. Supp. 2d 48, 50-52 (D.D.C.

2002); see also Jackson v. District of Columbia, 254 F.3d 262, 268-71 (D.C. Cir. 2001).

The BOP has implemented a four-tiered administrative remedy process to address

complaints inmates may have about any aspect of their confinement.  See 28 C.F.R. §§ 542.10-

542.18.  (See also Rios Decl. ¶2.)[4]  Under the BOP's administrative remedy process:

> [A]n inmate must first address his complaint informally with the institution staff.  If
> informal resolution is unsuccessful, the inmate may file a formal complaint with the
> warden of the institution where he is incarcerated.  If the inmate is not satisfied with the
> warden's response, he may appeal his concerns to the Regional Director.  If dissatisfied
> with the Regional Director's response, the inmate may finally appeal to the Office of
> General Counsel in the Central Office of the [BOP].

(Rios Decl. ¶2.)  See also 28 C.F.R. §§ 542.13-542.15.  An inmate has not fully exhausted his

administrative remedies until he has received a response to his complaint from the Office of

General Counsel.  28 C.F.R. § 542.15; Jeanes, 231 F. Supp. 2d at 50.

---

[4] Citations in the form "(Rios Decl. ¶__)" refer to the declaration of Delia Rios, attached
hereto.  Ms. Rios is an Administrative Remedy Specialist for the BOP.  (Rios Decl. ¶1.)

Here, Petitioner has filed two administrative complaints alleging improper medical care. (Rios Decl. ¶4.)  However, he has failed to appeal the denial of either complaint through each stage of the administrative remedy process.  (See id. (explaining that Petitioner has failed to appeal the denials of his complaints to the Office of General Counsel).)  Thus, Petitioner's request for a writ of mandamus should be denied, and this action should be dismissed.  See 42 U.S.C. § 1997e(a); Booth, 532 U.S. at 735; Jackson, 254 F.3d at 268-71; Jeanes, 231 F. Supp. 2d at 50-52.

3.     Venue is improper in this Court.

In a civil action against the United States or an agency thereof, venue is proper where: "(1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391.  As stated above, Petitioner is presently incarcerated at the United States Penitentiary in Terre Haute, Indiana.  Moreover, none of the alleged events giving rise to this action occurred in the District of Columbia, and none of the proper parties to this action is located in the District of Columbia.[5]  (See Rios Decl. ¶4.)  Thus, venue is improper in the District of Columbia.[6]

---

[5] Although Petitioner nominally filed this action against the United States, the BOP is the proper defendant, and no BOP employee who has provided medical care or treatment to Petitioner is located in the District of Columbia.  (See Rios Decl. ¶4.)

[6] Under 28 U.S.C. § 1406(a), this Court could transfer this action "to any district or division in which it could have been brought."  However, for the reasons stated above, this action would be subject to dismissal no matter where it is transferred.  Thus, Respondent respectfully submits that outright dismissal of this action is the proper result.

## CONCLUSION

For the foregoing reasons, Petitioner's request for a writ of mandamus should be

DENIED, and this action should be DISMISSED.

Dated: January 18, 2008                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
555 Fourth St., N.W.
Washington, D.C.  20530
Phone: (202) 307-0372
Fax: (202) 514-8780
Christopher.Harwood@usdoj.gov


**Of Counsel:**

Marli Kerrigan
Bureau of Prisons
Washington, D.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2008, I caused a copy of the foregoing to be served

via first class prepaid postage as follows:

**JOHNNY DAWSON**
Registration No. 10826-007
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

                                         /s/
                              Christopher B. Harwood

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHNNY DAWSON,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )        Civil Action No. 07-696 (PLF)
                                        )
UNITED STATES,                          )
                                        )
                    Defendant.          )
_____ )

## DECLARATION OF GLORIA URREA

I, Gloria Urrea, hereby declare and state the following:

1. I am an Assistant Health Services Administrator at the United States Penitentiary in

Terre Haute, Indiana (USP Terre Haute). I have held this position since December 29, 2006. I

have been employed with the Federal Bureau of Prisons (BOP) since May 1, 1997.

2. My duties include overseeing the health care provided to inmates at USP Terre Haute.

3. Medical records show plaintiff Johnny Dawson, Reg. No. 10826-007, suffered from

glaucoma in both eyes and blindness in the right eye for many years before entering BOP custody

in March, 2001. On April 16, 2001, an opthamologist report further confirmed Mr. Dawson's

history of glaucoma in both eyes.

4. Throughout his incarceration, the BOP has evaluated Mr. Dawson on a regularly

scheduled basis for his medical conditions, including glaucoma. He has received appropriate

care and treatment at all institutions. For example, on April 20, 2001, Mr. Dawson was referred

to Duke University Medical Center, Department of Ophthalmology, at Butner, North Carolina for

the evaluation of chronic glaucoma after reporting a history of glaucoma since 1987 and loss of

vision in his right eye. At that time, he was prescribed two different eye medications and eye glasses. Mr. Dawson was also evaluated by eye specialists at the Federal Correctional Institution in Petersburg, Virginia, USP Marion, Illinois, and in USP Terre Haute, where he was again prescribed eye medication.

5. Records indicate that Mr. Dawson has a history of non-compliance with medical treatment. For example, on December 14, 2005, Mr. Dawson refused to be evaluated by an Optometrist while at USP Marion. Recently, on April 11, 2007, Mr. Dawson did not attend a chronic care visit and was not seen again until April 24, 2007.

6. The BOP will continue to provide Mr. Dawson proper care and treatment for his glaucoma and other conditions until he is released from custody.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 16th day of January 2008 in Terre Haute, Indiana.

Gloria Urrea
Assistant Health Services Administrator
Federal Bureau of Prisons

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNNY DAWSON, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Civil Action No. 07-696 (PLF) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

## <u>DECLARATION OF DELIA RIOS</u>

I, Delia Rios, hereby declare and state the following:

1. I am an Administrative Remedy Specialist for the Federal Bureau of Prisons in Washington, D.C.  I have been employed with the Federal Bureau of Prisons since November 18, 1990.

2. Under 28 C.F.R. § 542.10-542.18, "Administrative Remedy Procedure for Inmates," the Bureau of Prisons has implemented a procedure that inmates must use to make complaints about any aspect of their confinement.  Under this procedure, an inmate must first address his complaint informally with the institution staff.  If informal resolution is unsuccessful, the inmate may file a formal complaint with the warden of the institution where he is incarcerated.  If the inmate is not satisfied with the warden's response, he may appeal his concerns to the Regional Director.  If dissatisfied with the Regional Director's response, the inmate may finally appeal to the Office of General Counsel in the Central Office of the Bureau of Prisons.

3. On January 3, 2008, I searched the Sentry computer system in the Central Office of the Bureau of Prisons for all the administrative remedies filed, to date, by Johnny Dawson, BOP

Register No. 10826-007.

    4.  Plaintiff failed to properly file and appeal through each level of review any administrative remedy regarding his claims that the United States has failed to provide him proper medical care and treatment for his eye condition.  Plaintiff filed an administrative remedy complaining of improper medical care for his eye with the Warden at the United States Penitentiary in Marion, Illinois (institution level) on August 1, 2006.  The Warden responded to inmate's administrative remedy on August 11, 2006, in the form of an informational response addressing his concerns.  He appealed the Warden's response to the Regional Director on August 31, 2006, and his appeal was denied.  He failed to appeal this remedy to the Office of General Counsel.  Additionally, on December 4, 2006, plaintiff filed an administrative remedy with the Warden at the United States Penitentiary in Terre Haute, Indiana (institution level) claiming lack of medical care.  The remedy was denied and he appealed to the Regional Director on January 31, 2007.  The Regional Director responded to the inmate's appeal on February 21, 2007, in the form of an informational response.  Plaintiff did not initiate a final appeal on the Regional Director's response to the Office of General Counsel.  Therefore, plaintiff has not exhausted his administrative remedies for the claims raised in this lawsuit.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

    Executed this 16th day of January 2008 in Washington, D.C.

                                    _Delia Rios_

                                    Delia Rios
                                    Administrative Remedy Specialist
                                    Office of General Counsel
                                    Federal Bureau of Prisons

```
  BOPG8          *        PUBLIC INFORMATION        *     01-03-2008
  PAGE 001       *            INMATE DATA           *     09:12:26
                          AS OF 01-03-2008

  REGNO..: 10826-007 NAME: DAWSON, JOHNNY F

                  RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 812-244-4400    FAX: 812-244-4789
                                           RACE/SEX...: BLACK / MALE
                                           AGE: 60
  PROJ REL MT: PAROLE FROM PAR COM OR CT   PAR ELIG DT: 02-28-2001
  PROJ REL DT: 02-08-2008                  PAR HEAR DT: N/A
  ---------------------------- ADMIT/RELEASE HISTORY ----------------------------
  FCL   ASSIGNMENT DESCRIPTION                   START DATE/TIME STOP  DATE/TIME
  THP   A-DES      DESIGNATED, AT ASSIGNED FACIL 12-01-2006 1119 CURRENT
  THP   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 12-01-2006 0813 12-01-2006 1119
  THP   A-DES      DESIGNATED, AT ASSIGNED FACIL 10-13-2006 1230 12-01-2006 0813
  A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 10-13-2006 1230 10-13-2006 1230
  A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-13-2006 0900 10-13-2006 1230
  OKL   HLD REMOVE HOLDOVER REMOVED              10-13-2006 0800 10-13-2006 0800
  OKL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 10-04-2006 1632 10-13-2006 0800
  A01   RELEASE    RELEASED FROM IN-TRANSIT FACL 10-04-2006 1732 10-04-2006 1732
  A01   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 10-04-2006 0807 10-04-2006 1732
  ATL   HLD REMOVE HOLDOVER REMOVED              10-04-2006 0807 10-04-2006 0807
  ATL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 09-21-2006 1913 10-04-2006 0807
  B02   RELEASE    RELEASED FROM IN-TRANSIT FACL 09-21-2006 1913 09-21-2006 1913
  B02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 09-21-2006 0952 09-21-2006 1913
  BSY   TRANSFER   TRANSFER                      09-21-2006 0952 09-21-2006 0952
  BSY   A-DES      DESIGNATED, AT ASSIGNED FACIL 08-15-2006 1514 09-21-2006 0952
  3-M   RELEASE    RELEASED FROM IN-TRANSIT FACL 08-15-2006 1514 08-15-2006 1514
  3-M   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-15-2006 0658 08-15-2006 1514
  MAR   TRANSFER   TRANSFER                      08-15-2006 0558 08-15-2006 0558
  MAR   A-DES      DESIGNATED, AT ASSIGNED FACIL 11-17-2005 1730 08-15-2006 0558
  MAR   ESCORT TRP ESC TRIP OTHER THAN LOCAL HOSP 11-17-2005 1516 11-17-2005 1730
  MAR   A-DES      DESIGNATED, AT ASSIGNED FACIL 05-23-2005 1440 11-17-2005 1516
  A02   RELEASE    RELEASED FROM IN-TRANSIT FACL 05-23-2005 1540 05-23-2005 1540
  A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-23-2005 1000 05-23-2005 1540
  OKL   HLD REMOVE HOLDOVER REMOVED              05-23-2005 0900 05-23-2005 0900
  OKL   A-BOP HLD  HOLDOVER FOR INST TO INST TRF 05-18-2005 1650 05-23-2005 0900
  A02   RELEASE    RELEASED FROM IN-TRANSIT FACL 05-18-2005 1750 05-18-2005 1750
  A02   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 05-18-2005 0950 05-18-2005 1750
  THP   TRANSFER   TRANSFER                      05-18-2005 0850 05-18-2005 0850
  THP   A-DES      DESIGNATED, AT ASSIGNED FACIL 04-28-2005 1248 05-18-2005 0850
  THP   ESCORT TRP ESC TRIP OTHER THAN LOCAL HOSP 04-28-2005 0940 04-28-2005 1248
  THP   A-DES      DESIGNATED, AT ASSIGNED FACIL 04-04-2005 0929 04-28-2005 0940
  5-A   RELEASE    RELEASED FROM IN-TRANSIT FACL 04-04-2005 1029 04-04-2005 1029
  5-A   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 04-04-2005 1000 04-04-2005 1029
  THA   TRANSFER   TRANSFER                      04-04-2005 0900 04-04-2005 0900
  THA   A-DES      DESIGNATED, AT ASSIGNED FACIL 01-15-2004 1323 04-04-2005 0900
  THA   LOCAL HOSP ESC TRIP TO LOCAL HOSP W/RETN 01-15-2004 1116 01-15-2004 1323


  G0002     MORE PAGES TO FOLLOW . . .
```

```
  BOPG8          *          PUBLIC INFORMATION          *      01-03-2008
PAGE 002         *             INMATE DATA              *      09:12:26
                              AS OF 01-03-2008

  REGNO..: 10826-007 NAME: DAWSON, JOHNNY F

                    RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 812-244-4400    FAX: 812-244-4789
THA   A-DES       DESIGNATED, AT ASSIGNED FACIL  11-05-2003 1149 01-15-2004 1116
A02   RELEASE     RELEASED FROM IN-TRANSIT FACL   11-05-2003 1149 11-05-2003 1149
A02   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  11-05-2003 0900 11-05-2003 1149
OKL   HLD REMOVE  HOLDOVER REMOVED                11-05-2003 0800 11-05-2003 0800
OKL   A-BOP HLD   HOLDOVER FOR INST TO INST TRF   10-27-2003 1805 11-05-2003 0800
A01   RELEASE     RELEASED FROM IN-TRANSIT FACL   10-27-2003 1905 10-27-2003 1905
A01   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  10-27-2003 1557 10-27-2003 1905
ATL   HLD REMOVE  HOLDOVER REMOVED                10-27-2003 1557 10-27-2003 1557
ATL   A-BOP HLD   HOLDOVER FOR INST TO INST TRF   10-14-2003 1756 10-27-2003 1557
B09   RELEASE     RELEASED FROM IN-TRANSIT FACL   10-14-2003 1756 10-14-2003 1756
B09   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  10-14-2003 0445 10-14-2003 1756
PEM   TRANSFER    TRANSFER                        10-14-2003 0445 10-14-2003 0445
PEM   A-DES       DESIGNATED, AT ASSIGNED FACIL   08-25-2003 1401 10-14-2003 0445
PEM   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN   08-25-2003 1210 08-25-2003 1401
PEM   A-DES       DESIGNATED, AT ASSIGNED FACIL   04-29-2003 1445 08-25-2003 1210
B09   RELEASE     RELEASED FROM IN-TRANSIT FACL   04-29-2003 1445 04-29-2003 1445
B09   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  04-29-2003 1152 04-29-2003 1445
BUH   TRANSFER    TRANSFER                        04-29-2003 1152 04-29-2003 1152
BUH   A-DES       DESIGNATED, AT ASSIGNED FACIL   04-29-2003 1150 04-29-2003 1152
B09   RELEASE     RELEASED FROM IN-TRANSIT FACL   04-29-2003 1150 04-29-2003 1150
B09   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  04-29-2003 1122 04-29-2003 1150
BUF   HLD REMOVE  HOLDOVER REMOVED                04-29-2003 1122 04-29-2003 1122
BUF   A-BOP HLD   HOLDOVER FOR INST TO INST TRF   03-21-2003 1450 04-29-2003 1122
6-N   RELEASE     RELEASED FROM IN-TRANSIT FACL   03-21-2003 1450 03-21-2003 1450
6-N   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  03-21-2003 1424 03-21-2003 1450
BUH   TRANS SEG   TRANSFER-SEGREGATION            03-21-2003 1424 04-29-2003 1150
BUH   A-DES       DESIGNATED, AT ASSIGNED FACIL   03-17-2003 1013 03-21-2003 1424
BUH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN   03-17-2003 0734 03-17-2003 1013
BUH   A-DES       DESIGNATED, AT ASSIGNED FACIL   10-16-2001 1123 03-17-2003 0734
BUH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN   10-16-2001 0917 10-16-2001 1123
BUH   A-DES       DESIGNATED, AT ASSIGNED FACIL   07-19-2001 1730 10-16-2001 0917
BUH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN   07-19-2001 1427 07-19-2001 1730
BUH   A-DES       DESIGNATED, AT ASSIGNED FACIL   05-31-2001 1649 07-19-2001 1427
BUH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN   05-31-2001 1220 05-31-2001 1649
BUH   A-DES       DESIGNATED, AT ASSIGNED FACIL   05-21-2001 1058 05-31-2001 1220
BUH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN   05-21-2001 0811 05-21-2001 1058
BUH   A-DES       DESIGNATED, AT ASSIGNED FACIL   04-16-2001 1116 05-21-2001 0811
BUH   LOCAL HOSP  ESC TRIP TO LOCAL HOSP W/RETN   04-16-2001 0720 04-16-2001 1116



  G0002        MORE PAGES TO FOLLOW . . .
```

```
BOPG8          *          PUBLIC INFORMATION          *     01-03-2008
PAGE 003       *              INMATE DATA             *     09:12:26
                           AS OF 01-03-2008

REGNO..: 10826-007 NAME: DAWSON, JOHNNY F

                   RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 812-244-4400      FAX: 812-244-4789
PRE-RELEASE PREPARATION DATE: 08-08-2007

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  02-08-2008 VIA PAROLE

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F5602-86B
JUDGE...........................: KING
DATE SENTENCED/PROBATION IMPOSED: 06-29-1987
DATE WARRANT ISSUED.............: 05-11-1998
DATE WARRANT EXECUTED...........: 05-18-1998
DATE COMMITTED..................: 03-14-2001
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

---------------------CURRENT OBLIGATION NO: 010 ----------------------------
OFFENSE CODE....:  620
OFF/CHG: UCSA, DIST OF DILAUDID DCDC 33-541

 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   12 YEARS
 NEW SENTENCE IMPOSED...........: 3275 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 07-11-1986

---------------------CURRENT JUDGMENT/WARRANT NO: 020 ----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F3399-98H
JUDGE...........................: DORSEY
DATE SENTENCED/PROBATION IMPOSED: 03-25-1999
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 03-14-2001
HOW COMMITTED...................: DC SUPERIOR COURT COMT




 G0002      MORE PAGES TO FOLLOW . . .
```

```
   BOPG8          *         PUBLIC INFORMATION          *      01-03-2008
  PAGE 004        *            INMATE DATA              *      09:12:26
                            AS OF 01-03-2008

  REGNO..: 10826-007 NAME: DAWSON, JOHNNY F

                    RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 812-244-4400    FAX: 812-244-4789
  PROBATION IMPOSED...............: NO
  SPECIAL PAROLE TERM.............:

                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
  NON-COMMITTED.: $00.00         $00.00         $00.00       $100.00

  RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT: $00.00

  ------------------------CURRENT OBLIGATION NO: 010 ------------------------
  OFFENSE CODE....:   602
  OFF/CHG: 22-502;ASSAULT WITH A DANGEROUS WEAPON SHODFOOT.

   SENTENCE PROCEDURE.............: DC OMNIBUS ADULT SENTENCE
   SENTENCE IMPOSED/TIME TO SERVE.:    6 YEARS
   MINIMUM TERM...................:    2 YEARS
   RELATIONSHIP OF THIS OBLIGATION
    TO OTHERS FOR THE OFFENDER....: CS TO PV TERM
   DATE OF OFFENSE................: 05-08-1998

  ------------------------CURRENT COMPUTATION NO: 010 -----------------------

  COMPUTATION 010 WAS LAST UPDATED ON 10-26-2007 AT DSC MANUALLY
  COMPUTATION CERTIFIED ON 10-26-2007 BY DESIG/SENTENCE COMPUTATION CTR

  THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
  CURRENT COMPUTATION 010: 010 010, 020 010
```

```
  G0002      MORE PAGES TO FOLLOW . . .
```

```
   BOPG8          *            PUBLIC INFORMATION          *      01-03-2008
PAGE 005 OF 005 *               INMATE DATA                *      09:12:26
                              AS OF 01-03-2008

  REGNO..: 10826-007 NAME: DAWSON, JOHNNY F

                  RESP OF: THP / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 812-244-4400    FAX: 812-244-4789
DATE COMPUTATION BEGAN..........: 05-18-1998
COMBINED SENTENCE PROCEDURE.....: DC OLD/OMNIBUS ADULT COMBINED SENTENCE
CONTROLLING SENTENCE............: DC GTCA/OMNIBUS
TOTAL TERM IN EFFECT............:      6 YEARS    3275 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     14 YEARS      11 MONTHS       18 DAYS
AGGREGATED MINIMUM TERM.........:      2 YEARS
EARLIEST DATE OF OFFENSE........: 07-11-1986


JAIL CREDIT.....................:    FROM DATE    THRU DATE
                                     05-09-1998   05-17-1998


TOTAL JAIL CREDIT TIME..........: 9
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 10
TOTAL SGT POSSIBLE..............: 860
PAROLE ELIGIBILITY..............: 02-28-2001
STATUTORY RELEASE DATE..........: 12-03-2010
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 12-18-2010

PAROLE EFFECTIVE................: 02-08-2008
PAROLE EFF VERIFICATION DATE....: 10-25-2007
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

PROJECTED SATISFACTION DATE.....: 02-08-2008
PROJECTED SATISFACTION METHOD...: PAROLE
```

```
  S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```